## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | |
|---|---|
| ROCKINGHAM CASUALTY COMPANY,<br>633 East Market Street<br>Harrisonburg, Virginia 22801<br><br>   Plaintiff,<br><br>      v.<br><br>(1) BEST CHOICE LANDSCAPE & ROOFING, INC.<br> 10008 South Ross Avenue<br> Oklahoma City, Oklahoma 73159<br><br>and<br><br>(2) COLUMBIA MUTUAL INSURANCE COMPANY,<br> 2102 White Gate Drive<br> P.O. Box 618<br> Columbia, MO 65202<br><br>   Defendants. | Case: CIV-22-1047-J |

## DECLARATORY JUDGMENT COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff Rockingham Casualty Company ("Rockingham") seeks a declaration of its rights, duties, and liabilities under a commercial general liability insurance policy bearing the policy number ROKG202135-03 ("the 2020-21 Policy") that was issued to Defendant Best Choice Landscape & Roofing, Inc. ("Best Choice") with a policy period from March 4, 2020 to March 4, 2021, as well as commercial general liability policies no. ROKG202135-00, ROKG202135-01, and ROKG202135-02 that were issued to Best Choice for consecutive annual policy periods between March 4, 2017 and March 4, 2020. These policies are referred to collectively as "the Policies."

2.      Best Choice has asserted a claim for defense and indemnification of an action captioned *Columbia Mutual Insurance Company v. Best Choice Landscape and Roofing, Inc.*, currently pending in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2022-1384 ("the Lawsuit").

3.      Rockingham seeks a declaratory judgment that the Policies do not provide coverage for the underlying Lawsuit because the Policies' "Prior Work" exclusions exclude coverage for claims arising from work completed prior to the inception of the Policies, and, with respect to the first three policy periods, because the alleged property damage did not occur during any of those policy periods.

## PARTIES

4.      Plaintiff Rockingham is an insurance company that is incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Harrisonburg, Virginia and is thus a citizen of Virginia for diversity purposes. At all relevant times, Rockingham was authorized to transact business in the State of Oklahoma.

5.      Defendant Columbia Mutual Insurance Company ("Columbia") is an insurance company that is incorporated under the laws of the State of Missouri with its principal place of business in Columbia, Missouri and is thus a citizen of Missouri for diversity purposes. As the plaintiff in the Lawsuit against Best Choice, Columbia is a real party in interest in this action.

6.      Defendant Best Choice is a corporation that is incorporated under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, Oklahoma and is thus a citizen of Oklahoma for diversity purposes.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Additionally, this Court has jurisdiction over Rockingham's declaratory judgment claims pursuant to 28 U.S.C. § 2201, and an actual case or controversy of a justiciable nature exists between Rockingham and Best Choice involving their respective rights and liabilities under the Policy that may be determined by a judgment in this action.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims involved in this action occurred in Oklahoma, and Defendant Best Choice is a citizen of Oklahoma.

**FACTUAL BACKGROUND**

**The Insurance Policies**

10. Rockingham issued the 2020-21 Policy, commercial general liability policy no. ROKG202135-03, to the named insured Best Choice for the policy period from March 4, 2020 to March 4, 2021. A true and correct copy of the 2020-21 Policy is attached as Exhibit 1.

11. The 2020-21 Policy is a renewal of insurance contracts that have been in effect since March 4, 2017. Rockingham initially issued commercial general liability policy no. ROKG202135-00 to the named insured Best Choice for the policy period from March 4, 2017 to March 4, 2018, and thereafter renewed the 2017-18 Policy under policy nos. ROKG202135-01 and ROKG202135-02 for the policy periods March 4, 2018 to March 4, 2019 and March 4, 2019 to March 4, 2020, respectively. Relevant excerpts of these policies are attached as Exhibits 2, 3, and 4, respectively.

12. The Policies contain the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**Section I – Coverage**
**Coverage A – Bodily Injury and Property Damage Liability**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against ay "suit" seeking damages for "bodily injury or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result, But:

   (1) The amount we will pay for damages is limited as described in Section III Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

   (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II - Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*   *   *

Ex. 1, *Commercial General Liability Coverage Form*, page 1 of 16.

  13. The Policies also contain the following definitions:

**SECTION V – DEFINITIONS**

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

  **17.** "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

5

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CDROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

Ex. 1, *Commercial General Liability Coverage Form*, pages 13, 15 of 16.

14. The 2020-21 Policy (as well as each Policy issued since March 4, 2018) also contains the following exclusionary endorsement:

**EXCLUSION – PRODUCT OR COMPLETED OR ABANDONED WORK (PRIOR WORK)**

**A.** The following Exclusion is added to **SECTION I – COVERAGES**, paragraph 2. Exclusions of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph 2. Exclusions of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**2. Exclusions**

This insurance does not apply to:

**Prior Completed or Abandoned Work**

**a.** This insurance does not apply to damages because of "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, caused by, or associated with, in whole or in part, to operations and "your work", conducted by you or on your behalf, or work or operations conducted by an unrelated party, for work that was completed as defined within the "products-completed operations hazard" or "abandoned", prior to the following date:

Date: 03/09/2020[1]
(If no entry appears above, the Date will be the inception date of the policy to which this endorsement is made part of)

---

[1] The Exclusion—Product or Completed or Abandoned Work (Prior Work) endorsements for policy nos. ROKG202135-01, ROKG202135-02, ROKG202135-04, and ROKG202135-05 contain Prior Work trigger dates of 03/09/2018, 03/09/2019, 03/09/2021, and 03/09/2022, but are otherwise identical to the endorsement listed above.

  **b.** We have no duty to investigate, adjust or defend, or to pay any investigation, adjustment or defense costs, including attorney's fees, with respect to, a claim or "suit" seeking damages for such injury or damage.

 For purposes of this endorsement "abandoned" means a project upon which you have stopped work or upon which you have not provided labor, materials or services for a period of sixty (60) days.

*   *   *

Ex. 1, *Exclusion—Product or Completed or Abandoned Work (Prior Work)*, page 1 of 1; *see also*

Ex. 3, *Exclusion—Product or Completed or Abandoned Work (Prior Work)*, page 1 of 1; and Ex.

4, *Exclusion—Product or Completed or Abandoned Work (Prior Work)*, page 1 of 1.

  15. Furthermore, the 2017-18 Policy contains the following exclusion:

**EXCLUSION – PRODUCT OR WORK (PRIOR WORK)**

 **A.** The following Exclusion is added to SECTION I – COVERAGES, paragraph 2. Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, paragraph 2. Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

  **2.** Exclusions

 This insurance does not apply to:

 **Prior Work**

 **a.** This insurance does not apply to damages because of "bodily injury", "property damage" or "personal and advertising" arising out of, related to, caused by, or associated with, in whole or in part, to operations and "your work", conducted by you or on your behalf, or work or operations conducted by an unrelated party, for work that was completed as defined within the "products-completed operations hazard", prior to the earliest of the following dates:

  **i.** The inception date of the first policy in a series of uninterrupted renewal policies issued by us; or;

7

    ii.  The inception date of this policy; or;

    iii.  The following date: 03/10/2017

  b. We have no duty to investigate, adjust or defend, or to pay any investigation, adjustment or defense costs, including attorney's fees, with respect to, a claim or "suit" seeking damages for such injury or damage.

* * *

Ex. 2, *Exclusion—Product or Work (Prior Work)*, page 1 of 1.

<b>Lawsuit and Underlying Incident</b>

16. Columbia filed a Petition in the Lawsuit on March 25, 2022, naming Best Choice Roofing, Inc. (a distinct corporation) as the defendant.

17. On June 15, 2022, Columbia filed an Amended Petition in the Lawsuit, this time naming Best Choice Landscape & Roofing, Inc. as the defendant. A true and correct copy of the Amended Petition in the Lawsuit is attached as Exhibit E.

18. In the Amended Petition, Columbia alleged that Best Choice Roofing, Inc. entered into a contract in 2016 with Columbia's insured Wilshire Business Center, LLC ("Wilshire") to install a new roof at its business premises located at 6701 West Wilshire Boulevard, Oklahoma City, OK. *See* Ex. 5 at ¶¶ 8, 10.

19. According to the Amended Petition, the agreed roofing system was a new thermo polyolefin (TPO) roofing system. *Id.* at ¶ 10.

20. The Amended Petition alleges that during a rainstorm in August 2020, the roof improperly retained water and the weight of the water caused a structural failure at the subject building, causing a partial roof collapse and significant structural damage, as well as damage to business property, loss of income and other damages. *Id.* at ¶ 14.

21. According to the Amended Petition, the damage was caused by Best Choice's negligent failure to install a secondary drainage system. *Id.* at ¶ 13.

22. Columbia alleges that in its role as Wilshire's property insurer, it ultimately paid Wilshire $1,119,505.97 for the damages resulting from the August 2020 roof collapse, as well as an additional $19,306.79 for mitigation costs. *Id.* at ¶¶ 15-16.

23. Columbia, as Wilshire's subrogee, seeks compensatory damages from Best Choice in the amount of $1,138,812.76, as well as costs, attorney's fees, interest, and other relief deemed to be equitable and proper. *Id.* at p. 5.

24. A process server reported serving the Amended Petition on Best Choice on July 7, 2022.

25. Best Choice tendered the Lawsuit to Rockingham for defense and indemnification on or about July 11, 2022, which tender Rockingham acknowledged the same day.

26. On July 14, 2022, Rockingham claims adjuster Paul Ruiz sent an e-mail to Best Choice representative Celine Gonzalez requesting certain information regarding Best Choice's roofing project for Wilshire.

27. On July 25, 2022, Best Choice's Ms. Gonzalez emailed Mr. Ruiz invoices dated October 27, 2016 demonstrating that Best Choice had completed the roofing project at issue in the Lawsuit by October 2016. True and correct copies of the invoices are attached as Exhibit 6.

28. A representative of Best Choice subsequently confirmed to Mr. Ruiz that Best Choice's work at issue in the Lawsuit was completed on or about October 27, 2016.

29. Based upon this information, Mr. Ruiz advised Best Choice in a July 25, 2022 email, formalized in a July 26, 2022 letter that was emailed to Best Choice on that day, that Rockingham was disclaiming coverage for the Lawsuit and reiterating Rockingham's prior

advice that Best Choice immediately retain counsel, as the deadline to file a responsive pleading was July 27, 2022.  A true and correct copy of the July 26, 2022 letter is attached as Exhibit 7.

30. On August 9, 2022, after Best Choice failed to interpose a response to the Amended Petition, the District Court of Oklahoma County, Oklahoma entered a default judgment in Columbia's favor and against Best Choice Roofing, Inc.  A true and correct copy of the default judgment is attached as Exhibit 8.

31. The docket in the Lawsuit discloses that a hearing to assess damages with regard to the default judgment occurred on November 29, with only counsel for Columbia appearing, and a hearing to determine the amount of Columbia's attorney's fees to be awarded is to be held at a currently undetermined later date.

## COUNT I — DECLARATORY JUDGMENT

32. Rockingham re-alleges, re-asserts, and incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. An actual, justiciable controversy exists between Rockingham, on one hand, and Best Choice, on the other, concerning their respective rights and obligations under the Policies with respect to the Lawsuit.  Columbia is a real party in interest to this controversy.

34. As set forth above, the Policies provide coverage for "property damage" only if the "property damage" occurred within the policy period.

35. As the Lawsuit alleges that the property damage at issue occurred in August 2020, the 2020-21 Policy is the only one of the Policies that could potentially provide coverage to the Lawsuit.

36. The 2020-21 Policy contains an endorsement titled *Exclusion—Product or Completed or Abandoned Work (Prior Work)* that excludes coverage for property damage for

work completed or abandoned before March 9, 2020.

37. Because the work at issue in the Lawsuit was completed by Best Choice in October 2016, the 2020-21 Policy's "Prior Work" Exclusion excludes coverage for the Lawsuit.

38. To the extent that any of the other Policies could potentially provide coverage for the Lawsuit—which they cannot because the property damage at issue happened during the 2020-2021 policy period—these Policies contain the *Exclusion—Product or Completed or Abandoned Work (Prior Work)* endorsement or (in the 2017-18 Policy) the *Exclusion—Product or Work (Prior Work)* endorsement. These endorsements preclude coverage for work completed or abandoned before certain dates listed in each endorsement, all of which are subsequent to the date when the work at issue was performed.

39. Accordingly, Rockingham has no duty to defend, or to indemnify, Best Choice against the Lawsuit or any resulting settlement or judgment.

## PRAYER FOR RELIEF/DECLARATIONS

**WHEREFORE,** Plaintiff Rockingham Casualty Company respectfully requests that this Court enter judgment in its favor and against Defendants Best Choice Landscape & Roofing, Inc. and Columbia Mutual Insurance Company, declaring as follows:

a. The roof project out of which Columbia's Lawsuit against Best Choice arises was completed in October 2016, prior to the inception of any of the Rockingham Policies.

b. Because the Policies only cover property damage occurring during the each policy's policy period, and Columbia's Lawsuit seeks to recover damages for property damage the occurred in August 2020 as the result of a weather event at that time, only Rockingham Policy no. ROKG202135-03 for the policy period from March 4, 2020 to March 4, 2021 might potentially cover the Lawsuit, and alternatively, coverage under these policies is excluded by

each policy's "Prior Work" exclusion.

c. Rockingham owes no duty to defend or indemnify Best Choice against the Lawsuit under Rockingham Policy no. ROKG202135-03 because coverage for Columbia's Lawsuit is excluded by that policy's *Exclusion—Product or Completed or Abandoned Work (Prior Work)* endorsement because the roof project that is the subject of the Lawsuit was completed in 2016, and thus was prior completed work that was completed prior to March 9, 2020.

d. Rockingham therefore properly disclaimed coverage for the Lawsuit, and has no duty to defend and indemnify Best Choice against the Lawsuit.

Plaintiff Rockingham Casualty Company seeks this relief together with costs of this suit and such other and further relief as may be in the interest of justice.

> GORDON & REES
>
> BY: */s/ Jacob C. Cohn*
> Jacob C. Cohn
> 101 Park Avenue
> Suite 1300
> Oklahoma City, OK 73102
> Tel.: (215) 717-4004
> Fax: (215) 693-6650
> Email: jcohn@grsm.com
>
> *Attorney for Plaintiff,*
> *Rockingham Casualty Company*